UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWER TOOLS & SUPPLY, INC.,
a Michigan corporation,

       Plaintiff,

           v.

COOPER POWER TOOLS, INC., a
foreign corporation,

       Defendant.

_____/

CASE NO.  05-CV-73615-DT
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
DETERMINATION ITS COUNTERCLAIM SHOULD STAND (docket #78)

I.     OPINION

A.    *Background*

Plaintiff Power Tools & Supply, Inc., commenced this action in state court on August 30,

2005.  On September 20, 2005, the case was removed to this Court by defendant, based on the

diverse citizenship of the parties.  *See* 28 U.S.C. §§ 1332, 1446.  Plaintiff's claims arise from a

distributorship agreement between the parties.  In its initial complaint, plaintiff asserted state law

claims of breach of contract, violation of the Michigan Antitrust Reform Act, fraud, and unjust

enrichment.  On September 27, 2005, defendant filed in this Court its answer and affirmative

defenses.  Following a number of motions to amend the complaint, the Court ultimately granted

plaintiff leave to file its Fourth Amended Complaint on May 1, 2006.  In this complaint, plaintiff

asserts claims for breach of contract, fraud, negligent misrepresentation, tortious interference with

1

a business relationship, unjust enrichment, breach of fiduciary duty, and promissory estoppel. Defendant filed an answer and affirmative defenses to this complaint on May 25, 2006.[1]

On October 2, 2006, defendant filed a motion for leave to file a counterclaim, and the Court granted the motion on October 19, 2006. Defendant's counterclaims allege breach of contract, account stated, and unjust enrichment, based on plaintiff's alleged failure to pay for goods provided by defendant under the distributorship agreements. On November 8, 2006, plaintiff filed its answer and affirmative defenses to defendant's counterclaim. Included with this pleading, plaintiff also asserted counterclaims in reply to defendant's counterclaim, alleging breach of contract, violation of the South Carolina Unfair Trade Practices act, and breach of fiduciary duty arising from the May 2, 2006, termination of the agreements by defendant.

The matter is currently before the Court on plaintiff's motion for determination that its counterclaim should stand, or alternatively for leave to amend the complaint to add the counterclaim in reply, filed on November 17, 2006. Plaintiff seeks a determination that its counterclaim in reply was properly filed. If the Court determines otherwise, plaintiff alternatively seeks leave to file the counterclaim in reply, or leave to amend its complaint to add the substance of the counterclaim in reply in its complaint. Defendant filed a response to the motion on February 16, 2007. Defendant argues that plaintiff's counterclaim in reply is not procedurally proper, and that leave to assert the counterclaim in reply should not be granted because amendment would be futile and would cause undue prejudice. Plaintiff filed a reply on February 22, 2007. The Court heard argument on the matter on April 17, 2007, at which time the Court took the matter under advisement. For the reasons

---

[1]Meanwhile, on May 16, 2006, plaintiff filed a separate suit in this Court against defendant, bringing claims relating to defendant's May 2, 2006, termination of the distributorship agreements between the parties. Plaintiff voluntarily dismissed this case on June 14, 2006.

that follow, plaintiff's motion will be granted in part.

B.     *Analysis*

The first question before the Court is whether plaintiff's counterclaims in reply were, as a procedural matter, properly filed as part of its answer to defendant's counterclaims.  If so, the counterclaims are pleaded claims in this case without further action of the Court, and the Court need not consider the futility and prejudice factors relevant to a motion to amend under Rule 15.  As will be explained below, the Court concludes that the plain language of the Federal Rules of Civil Procedure permit plaintiff's counterclaims in reply, and thus that the counterclaims should stand as properly pleaded claims in this suit.

As the Supreme Court has made clear, "[w]e give the Federal Rules of Civil Procedure their plain meaning, and generally with them as with a statute, '[w]hen we find the terms . . . unambiguous, judicial inquiry is complete.'" *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989) (citation omitted) (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)) (alteration in quoted portion by *Pavelic* Court); *see also*, *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 350-52 (1981) (applying plain language of Rule 68, even though leading to somewhat inequitable result); *Katzman v. Victoria's Secret Catalogue*, 923 F. Supp. 580, 584-85 (S.D.N.Y. 1996).  Here, the plain language of Rules 7 and 13 compel the conclusion that counterclaims in reply are permissible.

Rule 13 distinguishes between compulsory counterclaims–*i.e.*, those that "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim," FED. R. CIV. P. 13(a)–and permissive counterclaims, which are any other claims a party has against the opposing party.  Rule 13 provides that "a *pleading* shall state as a counterclaim any" compulsory

3

counterclaim, *id.*, and that "a *pleading* may state as a counterclaim any" permissive counterclaim. FED. R. CIV. P. 13(a), (b) (emphasis added). As the language of the rule indicates, a counterclaim is not itself a pleading, but is a claim included in some other pleading. "Pleading" is defined by Rule 7(a), which permits several types of pleadings. Included amongst the permissible pleadings is "a reply to a counterclaim denominated as such." FED. R. CIV. P. 7(a). In other words, by the plain language of the rules, a counterclaim may be raised in a pleading, and a reply to a counterclaim is a permissible pleading; hence, a counterclaim may be asserted in a reply to a counterclaim. *See Southeastern Indus. Tire Co., Inc. v. Duraprene Corp.*, 70 F.R.D. 585, 586 (E.D. Pa. 1976). For this reason, "aside from a rogue decision or two, courts have long agreed that the federal rules provide for a counterclaim in reply." *Pogue v. Allied Prods. Corp.*, No. 89 C. 3548, 1989 WL 111854, at *4 (N.D. Ill. Sept. 20, 1989); *see also*, *Weight Watchers Int'l, Inc. v. Stouffer Corp.*, 88 Civ. 7062, 1989 WL 139769, at *1 (S.D.N.Y. Nov. 13, 1989).

Defendant does not quibble with this general rule. Rather, defendant relies on a line of cases holding that while a counterclaim in reply may be permissible, it is so only when the defendant has asserted a permissive counterclaim and that plaintiff's counterclaim in reply is a compulsory counterclaim to that permissive counterclaim. *See Erikson v. Horing*, No. 99-1468, 2000 WL 35500986, at *10 (D. Minn. Oct. 23, 2000) (citing cases); *Turner & Boisseau Chartered v. Nationwide Mut. Ins. Co.*, 175 F.R.D. 686, 687 (D. Kan. 1997). Defendant argues that plaintiff's counterclaim in reply is permissive, rather than compulsory, and therefore is not proper. The Court disagrees.

The Court rejects those cases which have limited counterclaims in reply to compulsory counterclaims asserted in reply to a defendant's permissive counterclaims. Not one of the cases

adopting this rule has explained its rationale, and more importantly none of the cases adopting the rule have examined the consistency of this rule with the plain language of Rules 7 and 13. Applying that plain language, as the Supreme Court has instructed this Court must do, it is clear that there is no distinction between permissive and compulsory counterclaims in terms of the requirements for proper pleading. Both Rule 13(a) and Rule 13(b) allow for counterclaims to be set forth in a pleading *simpliciter*. Rule 13(b) does not qualify this language in any way with respect to permissive counterclaims. And, importantly, Rule 13(b) does not grant a court any power to refuse to hear a permissive counterclaim which is properly pleaded. As the courts have explained:

> Rule 13 provides that a pleading *may* state any permissive counterclaim and *must* state any compulsory counterclaim. The word "may" is not intended to confer any discretion upon the court with respect to a permissive counterclaim; rather, it gives the litigant a choice either to assert or not to assert a permissive counterclaim. If he elects to plead it, the court must entertain it so long as it is within the court's subject matter jurisdiction.

*Montecatini Edison, S.P.A. v. Ziegler*, 486 F.2d 1279, 1282 (D.C. Cir. 1973) (emphasis in original, footnote omitted); *accord Switzer Bros. v. Locklin*, 207 F.2d 483, 488 (7th Cir. 1953) ("Both the words 'compulsory' in paragraph (a) and 'permissive' in paragraph (b) are a description of the rights of the pleader. Neither has any bearing upon the right or duty of the court when a counterclaim is presented."); *United States ex rel. Kashulines v. Thermo Contracting Corp.*, 437 F. Supp. 195, 199 (D.N.J. 1976) ("Rule 13(b) by its terms grants [a party] an unqualified right to interpose these unrelated claims, and the court possesses no discretion to reject them."). In short, for purposes of the form of pleading there is no distinction between compulsory and permissive counterclaims and hence if one may be pleaded in reply, they both may be. And, once properly pleaded, a court has no discretion to refuse to consider a permissive counterclaim. Thus, the

5

distinction drawn by some courts between permissive and compulsory counterclaims in reply is impermissible in light of the plain language of Rules 7 and 13.

Accordingly, the Court concludes that plaintiff properly filed counterclaims in replying to defendant's counterclaims. Thus, these counterclaims in reply are already a part of the case, and the Court need not consider whether plaintiff should be permitted to amend the complaint under the standards of Rule 15. In reaching this conclusion it is not necessary to, and the Court therefore does not, express any opinion on whether the counterclaims in reply state claims upon which relief may be granted.

II.    ORDER

In view of the foregoing, it is ORDERED that plaintiff's motion is hereby GRANTED IN PART. Specifically, the motion is GRANTED to the extent it seeks a determination that the counterclaims in reply have been properly pleaded. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.



                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE


Dated: 4/20/07

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on April 20, 2007.

s/Eddrey Butts
Case Manager