**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**POWER TOOLS AND SUPPLY, INC.,**

              **Plaintiff(s),**         **CASE NUMBER: 05-73615
HONORABLE VICTORIA A. ROBERTS**

**v.**

**COOPER POWER TOOLS, INC.,**

              **Defendant(s).**
_____/

**ORDER**

This matter is before the Court on Plaintiff Power Tools and Supply, Inc.'s Amended Motion for Protective Order Restricting Defendant from Future Hiring of Plaintiff's Employees (Doc. #130).

Plaintiff says Defendant Cooper Power Tools, Inc. solicited and, in November 2007, hired one of Plaintiff's employees. Plaintiff asserts that the method by which its employee was approached and certain comments the employee claims were made by Defendant's representatives indicate that Defendant is attempting to eliminate Plaintiff as a competitor "by the predatory hiring away of its employees." Pl. br. at 2.

In order to protect Plaintiff from Defendant's alleged predatory hiring practices, Plaintiff asks the Court to enter an Order requiring Defendant to show that 1) any offers of employment Defendant extends to Plaintiff's employees are based on a reasonable salary (as opposed to an exorbitant salary Plaintiff cannot match because it is significantly less profitable than Defendant), and 2) the employees will assume a

1

position with Defendant which makes use of their talents.

For the reasons stated below, Plaintiff's motion is **DENIED**.

Plaintiff failed to establish that the Court may enter a protective order on the grounds asserted. Plaintiff did not indicate the court rule or other authority under which its request for a protective order is asserted and it is not apparent. FRCP 26(c) only permits entry of a protective order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense" in relation to discovery disclosures or depositions. There is no basis for entry of a protective order under FRCP 26(c) under the circumstances Plaintiff alleges.

To the extent Plaintiff requests a temporary restraining order or preliminary injunction, Plaintiff failed to establish grounds for such relief. A petition for a temporary restraining order and/or preliminary injunction is governed by FRCP 65 and requires a court to weigh several factors to determine whether the requested interim relief is warranted: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Connection Distributing Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998). Plaintiff, however, failed to present argument and proofs on each of these elements. And, in any event, Plaintiff has not pled a "predatory hiring" claim for which interim relief could be granted (except the state law unfair practices counterclaim which was dismissed in the Court's June 26, 2007 Order).

For these reasons, Plaintiff's motion is **DENIED**.

**IT IS ORDERED.**

                 /s/ Victoria A. Roberts
                 Victoria A. Roberts
                 United States District Judge

Dated: December 5, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 5, 2007.
>
> s/Linda Vertriest
> Deputy Clerk